TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Martin Fernandez

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Fernandez, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| Allied International Credit; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Martin Fernandez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Martin Fernandez (hereafter "Plaintiff"), is an adult individual residing at 1946 East Casper Street, Mesa, Arizona 85205, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Allied International Credit (hereafter "Allied"), is a company with an address of 2222-2228 West Northern Avenue, Suite B202, Phoenix, Arizona

85021, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Collectors") are individual collectors employed by Allied and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Allied at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Allied for collection, or Allied was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Allied Engages in Harassment and Abusive Tactics

12. Within the last year, Allied contacted Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's son (the "Debtor").

13. Plaintiff is not the Debtor and is in no way responsible for repayment of the alleged Debt.

14. At all times mentioned herein, Allied called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

15. Often times when Plaintiff answered a call from Allied, he was met with a period of silence and had to wait to be connected to a live representative.

16. Plaintiff never provided his cellular telephone number to Allied and never provided his consent to Allied to be contacted on his cellular telephone.

17. Plaintiff never provided his cellular telephone number to the Creditor and never provided his consent to the Creditor to be contacted on his cellular telephone.

18. If Allied at one time obtained prior express consent to place calls to Plaintiff's cellular telephone number, it no longer had consent to call Plaintiff after being informed by Plaintiff that the Debtor could not be reached at his number and after being repeatedly instructed by Plaintiff to cease all calls to him.

19. The telephone number called by Allied was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Allied to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. During each live conversation, Plaintiff advised Allied that it was calling his personal cellular telephone and that the Debtor could not be reached there.

22. Plaintiff further provided Allied with the Debtor's telephone number and instructed Allied to cease all calls to Plaintiff's cellular telephone.

23. Thereafter, Allied continued calling Plaintiff in an attempt to collect the alleged Debt with intent to annoy and harass Plaintiff.

24. On at least one occasion, Allied spoke with Plaintiff in a loud and aggressive manner, yelling and interrupting Plaintiff and further terminated the call while Plaintiff was in mid-sentence, all of which caused Plaintiff to feel oppressed and frustrated.

### C. Plaintiff Suffered Actual Damages

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692, *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

31. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT II

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

# 47 U.S.C. § 227, *et seq.*

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

35. Without prior consent, the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

36. Defendants placed automatic telephone calls to Plaintiff's cellular telephone knowing that they lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

37. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

7

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

42. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

43. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

44. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

46. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendants;

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: May 24, 2013 | LEMBERG & ASSOCIATES, LLC |

By: <u> */s/  Trinette G. Kent* </u>
Trinette G. Kent

Attorney for Plaintiff,
Martin Fernandez

10